UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LACHLAN ROTSCHREK,
a/k/a CIARAN TEMPLAR-OBRIEN,
a/k/a ALEKSEI KHAROVSKY,

    Petitioner,

v.                                      Case No. 8:19-cv-465-T-02TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** are Mr. Rotschrek's Petition for Writ of Habeas Corpus (Doc. 1) and Respondent's opposition (Doc. 18). Mr. Rotschrek challenges his sentence in 2018 for aggravated stalking entered in case no. 14-cf-629 in Hillsborough County, Florida.[1]

It is apparent from the petition (see Doc. 1, docket p. 2, ¶ 9(c)) and the Florida Second District Court of Appeal's records, that Mr. Rotschrek's appeal of the judgment of conviction remains pending on direct review. *See Ciaran Templar - Obrien, a/k/a Lachlan Rotschrek vs. State of Florida*, Case No. 2D18-396 (Fla. 2d DCA February 2, 2018).[2] Consequently, the state court judgment has not become final. Therefore, the petition is not ripe for review at this time. *See Maharaj v. Sec'y Dep't of Corr.*, 304 F.3d 1345 (11th Cir. 2002) (federal habeas petition was not ripe for review when state judgment was not yet final). *See also United States v. Diaz-Martinez*, 71 F.3d 946, 953 (1st Cir. 1995) (absent "extraordinary circumstances," district court should decline to hear habeas claims while direct appeal is pending); *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993) (same); *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1992) (same).

---

[1] Mr. Rotschrek currently is detained in Arizona facing criminal charges.

[2] The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, http://www.2dca.org/the_clerk's_office.htm, July 9, 2019.

Accordingly, the petition will be dismissed without prejudice to Mr. Rotschrek refiling a habeas petition when the state court judgment becomes final.[3]

Accordingly, it is **ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** without prejudice.

2. No certificate of appealability will issue. Mr. Rotschrek is entitled to a certificate of appealability only if he shows that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the petition stated "a valid claim of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Rotschrek cannot make the required showing. Specifically, he cannot show by citation of contrary authority or otherwise that reasonable jurists would debate the determination that the petition is not ripe for review or that he stated a substantial denial of a constitutional right. And, because he is not entitled to a certificate of appealability, he is denied leave to proceed on appeal *in forma pauperis*.

3. The **Clerk** shall close this case.

**ORDERED** in Tampa, Florida, on _____July 10th_____, 2019.

WILLIAM F. JUNG
United States District Judge

SA: sfc
Copies to: Lachlan Rotschrek, *pro se*
Counsel of Record

---

[3] With regard to Ground Four of the petition, that Arizona lacks jurisdiction to prosecute Mr. Rotschrek for the charges he faces in Arizona (see Doc. 1, docket p. 10), Respondent correctly argues that this court lacks jurisdiction to review the claim (see Doc. 18, pp. 16-18). See 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective jurisdictions*.") (emphasis added).